UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ SUPPLEMENTAL
RETIREMENT AND SAVINGS FUND,

                              Plaintiff,

    -against-

                                                      COMPLAINT

JONES LANG LASALLE SERVICE INC. d/b/a
JONES LANG LASALLE AMERICAS,

                              Defendant.
------------------------------------------------------------------------X

        Building Service 32BJ Supplemental Retirement and Savings Fund ("Fund"), as and for its Complaint Against, Jones Lang Lasalle Service Inc. d/b/a Jones Lang Lasalle Americas, ( "Defendant"), respectfully alleges as follows:

## NATURE OF ACTION

1.     This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee annuity fund for injunctive and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions by electronic transfer.  This Complaint alleges that by failing, refusing or neglecting to electronically pay and submit the required monetary contributions and/or reports to the Fund when due, Defendant violated its collective bargaining agreements, the trust agreements of the Fund, the rules and regulations of the Fund and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f) and 1451;

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is, inter alia, to receive contributions from employers who are parties to collective bargaining agreements with, inter alia, Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies,

and to distribute annuity benefits to those employees eligible to receive them. The Fund maintains its offices and is administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10010, in the City, County and State of New York.

6. Upon information and belief, at all times material Jones Lang Lasalle Services Inc. was, and continues to be, an Illinois corporation having a principal place of business at 111 Pasquinelli Drive, Suite 100, Westmont, Illinois, 60559, County of DuPage, and was and is an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, inter alia, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Fund, for it's employees within the unit set forth in the Agreement with Union who are employed at 401 Market Street, Philadelphia, Pennsylvania.

7. The Agreements between the Union and the Defendant, require, inter alia, that Defendant contribute payments to the Fund so that the Fund, in turn, can provide annuity benefits to the bargaining unit members who qualify for such benefits. The Agreement provides, in relevant part:

>**SECTION 18.3** If the Employer fails to make required reports or payments to the SRSF, the Trustees may in their sole and absolute discretion take any action necessary, including but not limited to arbitration and immediate suits at law to enforce reporting obligations, and contribution obligations together with interest, and liquidated damages as provided in the Fund's trust agreement, and any and all expenses of collection, including but not limited to counsel fees, arbitration costs and fees and court costs.
>
>**SECTION 18.5** By agreeing to make the required payments into the SRSF, the Employer hereby adopts and shall be bound by the Agreement and Declaration of Trust as it may be amended and the rules and regulations adopted or hereby adopted by the Trustees of the Fund in connection with the provision and administration of benefits and the collection of contributions. The Trustees of the Fund shall make such amendments to the Trust Agreement, and shall adopt such regulations as may be required to conform to applicable law.

8. The Agreement and Declaration of Trust ("Trust Agreement") provides, in pertinent part:

    A)  ARTICLE III:
        CONTRIBUTING EMPLOYERS
        Industry Employers.
        A) Any employer who as of the date of this Agreement is obligated by a Collective Bargaining Agreement to make contributions to the Health Fund, or to a predecessor trust fund that has been merged into it, shall become a contributing Employer to the Trust Fund on the date of this Agreement and shall be bound by the terms of this Trust Agreement.
        (b) Any other employer who subsequently becomes a party to a Collective Bargaining Agreement which obligates that employer to contribute to the Trust Fund shall also become a contributing Employer and shall be bound by the terms of this Trust Agreement.

    B)  ARTICLE V
        POWERS OF THE TRUSTEES
        Administrative Powers. The Trustees shall have all the general and incidental powers necessary or appropriate to the proper administration of the Plan and the Trust Fund, provided that the Trustees shall have no authority to change the rate of Employer Contributions prescribed in any Collective Bargaining Agreement or Participation Agreement, except as Article V, Section 10 provides. Included within such Trustee powers but not by way of limitation,

shall be the power: ...

(g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement; ....

C) ARTICLE V
POWERS OF THE TRUSTEES
Section 3.
General Powers. The Trustees shall also have the power to do all acts, whether or not expressly authorized herein, which they deem necessary or proper for the protection of the Trust Fund or for carrying out the purposes of this Agreement or for accomplishing the general objectives of the Plan....

(g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement;

D) ARTICLE VIII
OBLIGATIONS OF EMPLOYERS
Section 1. Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees...

Section 4. Reports to Trustees. Each Employer shall make such reports to the Fund as maybe required by the Trustees for the proper administration of the Plan and Trust Fund....

9. Pursuant to the authority vested in them under the Trust Agreement, the Trustees of the Fund promulgated a rule and regulation that effective January 1, 2015, all contributing employers, including Defendant, would be required to register with the Fund's electronic reporting and remittance system ("ESS"), and henceforth provide the Fund with the required employee update information and payment through ESS.

10. Prior to January 1, 2015 participation in ESS was voluntary, with employers having the option to participate or to continue remitting reports and payment by paper transaction (to wit, payment by check).

11. Since January 1, 2015 payment and participation in ESS became mandatory.

12. As of January 1, 2015 the Fund has closed down its department responsible for paper transactions and no longer processes payments through a paper system.

13. At various times prior to January 1, 2015, Defendant had been contacted by the Fund to register with and participate in ESS.

14. To date Defendant, although having registered, has failed and refused to timely update its electronic records and electronically pay for all past due contributions owed to the Fund.

15. Since January 1, 2015, in the ordinary course of its business, the Fund has been unable to process paper transactions.

16. Defendant's continued refusal to comply with the Fund's rules and regulation will result in the employees being denied fringe benefits and annuity benefits as a consequence of the non-payments.

17. Accordingly, Defendant is liable to the Fund for the electronic payment and/or submission of the required monetary contributions and/or reports to the Fund as aforesaid, and is liable for the additional amount of statutory and contractual damages, together with reasonable attorneys' fees, interest on the unpaid principal, liquidated damages, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132) and pursuant to the LMRA (29 U.S.C. 185 and 186).

18. The Fund seeks an order of the Court directing the Defendant to comply with its Agreement with the Union and to immediately comply the Fund's ESS rule and regulation requiring

Defendant to remit the employee status information and payments electronically.

WHEREFORE, the Fund respectfully prays that judgment be entered in favor of the Fund and against the Defendant directing Defendant to comply with the Fund's rules and henceforth providing employee status information and contributions to the Fund through ESS for as long as each Defendant is obligated to contribute to the Fund, and that the Fund be granted such other and further relief as the Court deems just and proper, including relief under ERISA of attorney's fees, costs and disbursements.

Dated: New York, New York
January 4, 2017

                        RAAB, STURM & GANCHROW, LLP

                        By: _____
                        Ira A. Sturm (IS-2042)
                        *Attorneys for Plaintiff Fund*
                        1250 Madison Avenue, 36th Floor
                        New York, New York 10001
                        (Tel.) 212-683-6699
                        (Fax) 212-779-8596
                        Email: isturm@rsgllp.com